NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

APR 07 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NANCY LYNN MILLER,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant-Appellee.

No. 15-35931

D.C. No. 3:15-cv-05068-TSZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted April 3, 2017[**]

Before:     GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Nancy Lynn Miller appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review the district court's order de novo and may set aside the denial of benefits only if it is not supported by substantial evidence or is based on legal error.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  We affirm.

Miller contends that the administrative law judge ("ALJ") failed to account for evidence of limitations related to her mental impairments in the residual functional capacity ("RFC") assessment.  However, the ALJ accommodated all of Miller's limitations in the RFC assessment, and the determination that Miller had the RFC to perform work that involved "simple routine tasks" was supported by substantial evidence.

Miller contends that the ALJ erred in failing to attribute the opinion of physician's assistant Brian Reiton to Dr. Sarah Landrum.  Assuming without deciding that the ALJ erred by dismissing Reiton's opinion as coming from an unacceptable medical source without discussing the fact that Dr. Landrum reviewed and approved Reiton's treatment note, *see Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1039 (9th Cir. 2003) (physician's opinion was entitled to greater weight where it was based on both his own knowledge and opinions and those of a treatment team under his supervision), the error would be harmless in this case because the ALJ rejected Reiton's opinion for another reason that is

2

supported by the record, *see Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). Specifically, Reiton's opinion was inconsistent with the opinion of a physician who conducted a detailed examination and opined that Miller had normal grip strength and use of her hands.

Substantial evidence supports the ALJ's non-disability determination.

**AFFIRMED.**